UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON, #193035,

    Plaintiff,

                              CASE NO. 2:19-CV-12329
v.                               HONORABLE PAUL D. BORMAN

BADAWI KHADER ABDELLATIF, et al.,

    Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S APPLICATION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE AND DISMISSING THE FIRST AMENDED CIVIL RIGHTS COMPLAINT

Michigan prisoner Gary M. Northington ("Plaintiff"), currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan, has filed a pro se first amended civil rights complaint pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), as well as an application to proceed without prepayment of the filing fee for this action. In his complaint, Plaintiff raises claims concerning his medical care, his prison transfers, the taking of his typewriter, legal documents, guitar, and other property, the grievance process, his access to the courts, and retaliation. He names medical personnel, prison wardens, prison employees, and administrative officials employed by the Michigan Department of Corrections

("MDOC") as the defendants in this action. Plaintiff sues the defendants in their official and personal capacities and seeks injunctive-type relief and monetary damages.

Under the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), a prisoner may be precluded from proceeding without prepayment of the filing fee in a civil action under certain circumstances. The statute states, in relevant part:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). In short, the "three strikes" provision requires a federal court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id*.; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)").

Plaintiff is a prolific litigator in federal courts. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Northington v. Armstrong, et al.*, No. 1:04-CV-00164 (W.D. Mich. Aug. 5, 2004) (dismissing complaint for failure to state a claim); *Northington v. Department of Corr., et al.*, Consol. Case Nos. 2:01-CV-72428, 2:02-CV-71847 (E.D. Mich. Nov. 20, 2002) (dismissing complaint for failure to state a claim because it was barred by the statute of limitations, with an alternative holding that Plaintiff had not exhausted administrative remedies); *Northington v. Glazer, et al.*, No. 2:96-CV-71707 (E.D. Mich. May 29, 1996) (dismissing complaint as frivolous). Plaintiff has also previously been notified of his three-strike status and been denied leave to proceed without prepaying the filing fee in at least one other case. *See Northington v. Armstrong, et al.,* No. 1:10-CV-00424 (W.D. Mich. May 27, 2010) (denying Plaintiff leave to proceed in forma pauperis based upon his three prior strikes).

Additionally, on May 19, 2003, the United States Supreme Court ruled that Plaintiff had repeatedly abused the Court's process and directed the Clerk of the Court not to accept any further petitions from Plaintiff in noncriminal cases unless he paid the full filing fee. *See Northington v. Michigan Dept. of Corr.*, 538 U.S. 919 (2003).

Consequently, Plaintiff is a "three-striker" who cannot proceed without prepayment of the filing fee unless he shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To fall within this exception to the three strikes rule, a prisoner must allege that the threat or prison condition is " 'real and proximate' and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) (en banc)). An assertion of past danger is insufficient to invoke the exception, *id.*, as is an assertion of the potential for future harm. *See Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Finally, as the Sixth Circuit recently clarified, the type of physical injury alleged must "have potentially dangerous consequences such as death or severe bodily harm" to qualify as "serious" for purposes of § 1915(g). *Gresham v. Meden*, No. 18-1811, 2019 WL 4458807, at *2 (6th Cir. 2019).

Plaintiff fails to show that he is under imminent danger of serious physical injury. Most of his allegations concern his past medical care, prison transfers, property taking, grievance issues/access to the courts, and alleged instances of retaliation. While he asserts that he continues to have serious medical conditions,

4

including a heart ailment (for which he admits that he received surgical treatment in 2016 and 2019), he fails to allege facts which show that he is under imminent danger of serious physical injury based upon those conditions. He states that he has experienced the various ailments since 2013 and that they are ongoing, suggesting that these ailments are unlikely to lead to dangerous consequences such as death or severe bodily harm. Moreover, Plaintiff's concerns about potential future harm are speculative at best and insufficient to satisfy the exception to the three strikes rule. Plaintiff fails to establish that he should be allowed to proceed without prepayment of the filing fee despite the fact that he has had three or more prior lawsuits dismissed as frivolous or for failure to state a claim upon which relief may be granted.

Accordingly, the Court DENIES Plaintiff's application for leave to proceed without prepayment of the filing fee for this action and DISMISSES his first amended civil rights complaint pursuant to 28 U.S.C. § 1915(g). This dismissal is without prejudice to the filing of a new civil rights complaint accompanied by the full payment of the $350.00 filing fee and the $50.00 administrative fee. Any such complaint will be reviewed to determine whether it should be served upon the defendants or summarily dismissed, in whole or in part, under 28 U.S.C. § 1915A(b), which requires a federal court to dismiss a complaint brought against governmental entities, officers, and employees if the complaint is "frivolous, malicious, or fails to

state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief."

Lastly, the Court concludes that it has properly applied the "three strikes" provision of 28 U.S.C. § 1915(g) such that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.


Dated: October 11, 2019                    s/Paul D. Borman
                                           Paul D. Borman
                                           United States District Judge