UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON, #193035,

    Plaintiff,

v.

CASE NO. 2:19-CV-12329
HONORABLE PAUL D. BORMAN

BADAWI KHADER ABDELLATIF, et al.,

    Defendants.
_____/

## ORDER GRANTING PETITIONER'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL, BUT DENYING HIS MOTIONS FOR DISQUALIFICATION AND RECONSIDERATION

    This matter is before the Court on Plaintiff's motion for an extension of time to file a notice of appeal, as well as his motions for judicial disqualification and for reconsideration concerning the Court's October 11, 2019 decision denying his application to proceed without prepayment of the filing fee and dismissing without prejudice his civil rights complaint pursuant to the three strikes provision of 28 U.S.C. § 1915(g).

    Plaintiff seeks an extension of time to pursue an appeal because he has difficulty preparing written pleadings due to his medical condition. Under the Federal Rules of Appellate Procedure, a notice of appeal must be filed with the federal district court within 30 days after the judgment or order appealed from is

entered.  *See* Fed. R. App. P. 4(a)(1)(A).  A federal district court may extend the time to file a notice of appeal if a party so moves no later than 30 days after the time prescribed expires and that party shows excusable neglect or good cause.  *See* Fed. R. App. P. 4(a)(5)(A).  Plaintiff filed his motion for extension of time within 30 days the Court's decision and thus satisfies the time requirement of Federal Rule of Appellate Procedure 4(a)(5).  Additionally, he shows excusable neglect and/or good cause for his request.  The Court therefore **GRANTS** Plaintiff's motion for an extension of time to pursue his appellate rights.  Plaintiff must file his notice of appeal by **December 10, 2019**.  *See* Fed. R. App. P. 4(a)(5)(C).

Plaintiff seeks judicial disqualification because he believes that the Court is biased against him in this matter.  Disqualification or recusal of a district judge is governed by 28 U.S.C. § 455.  Subpart (a) of that statute provides that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *see generally Liteky v. United States*, 510 U.S. 540 (1994).  Subpart (b) of that statute provides, in relevant part, that a district judge "shall also disqualify himself . . . [w]here he has a personal bias or prejudice concerning a party. . . ."  28 U.S.C. § 455(b)(1).  This standard is objective and is not based upon the subjective view of the party seeking recusal.  *United States v. Dandy*, 998 F.3d 1344, 1349 (6th Cir. 1993).

Plaintiff alleges bias based upon the Court's rulings in his other pending litigation, as well as this case. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky*, 510 U.S. at 555. Plaintiff fails to show that the Court's handling of his legal cases demonstrates such a deep-seated antagonism. He fails to establish that a reasonable person would find that prejudice or bias exists or to otherwise present facts to support recusal or disqualification. *See Burton v. Jones*, 321 F.3d 569, 577 (6th Cir. 2003). He merely dislikes the Court's handling and rulings in his cases. Such complaints provide no basis for judicial disqualification, particularly as to his post-judgment motions. Accordingly, the Court **DENIES** Plaintiff's motion for judicial disqualification.

Lastly, Plaintiff seeks reconsideration of the Court's decision denying him leave to proceed without prepayment of the filing fee and dismissing without prejudice his civil rights complaint under the three strikes rule. A motion for reconsideration which presents issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *See Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Plaintiff raises such issues in his motion. The Court, however, properly ruled on the three strikes issue for the reasons stated

in its prior decision. Plaintiff fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof, as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED**.


Dated: October 28, 2019             s/Paul D. Borman
                                                                    Paul D. Borman
                                                                    United States District Judge