UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY M. NORTHINGTON, #193035,

    Plaintiff,

v.

CASE NO. 2:19-CV-12329
HONORABLE PAUL D. BORMAN

BADAWI KHADER ABDELLATIF, et al.,

    Defendants.
_____/

## ORDER DENYING SECOND MOTION FOR EXTENSION OF TIME OR STAY AND DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff's second motion for an extension of time or stay to file an appeal concerning the Court's October 11, 2019 decision denying his application to proceed without prepayment of the filing fee and dismissing without prejudice his civil rights complaint pursuant to the three strikes provision of 28 U.S.C. § 1915(g) and his motion for reconsideration concerning the Court's December 30, 2019 order denying his motions to consolidate, for relief from judgment, and for an extension of time or stay to file an appeal.

Plaintiff's second motion for an extension of time or stay to file an appeal must be denied for the same reasons stated in the Court's December 30, 2019 order denying his first such motion. As explained in that order, the Court previously granted Plaintiff an extension of time to file a notice of appeal in this

case – giving him until December 10, 2019 to do so. By court rule, the Court is precluded from granting him additional time to file a notice of appeal. *See* Fed. R. App. P. 4(a)(5)(C) (providing that no extension under the rule may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later). Plaintiff also fails to establish that his medical condition prevented him from timely filing a notice of appeal, particularly within the extended time granted by the Court, given that he was able to file three post-judgment motions during that same time period. Plaintiff could have filed a notice of appeal within the allowable time and sought permission from the United States Court of Appeals for the Sixth Circuit to supplement his appeal and/or correct any filing deficiencies.[1]

Similarly, to the extent that Plaintiff seeks (or sought) a stay to gain additional time to file amended pleadings or additional post-judgment motions, such a request must be denied. First, the Court cannot stay a dismissed case because there is no remaining case to be stayed. Second, the time limits for filing post-judgment motions are set by court rule. *See, e.g.,* Fed. R. Civ. P. 59(e); Fed. R. Civ. P. 60(b). Third, as previously explained, the Court lacks discretion to

---

[1] The Court notes that Plaintiff recently filed a notice of appeal concerning the Court's October 11, 2019 dismissal order and the Court's December 30, 2019 order denying his post-judgment motions.

further extend the time for filing an appeal. Accordingly, the Court **DENIES** Plaintiff's second motion for an extension of time or stay to file a notice of appeal.

Plaintiff also seeks reconsideration of the Court's December 30, 2019 order denying his motion to consolidate and his allegedly unheard stay request. A motion for reconsideration which presents issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Hence v. Smith*, 49 F. Supp. 2d 547, 550 (E.D. Mich. 1999); *Czajkowski v. Tindall & Assoc., P.C.*, 967 F. Supp. 951, 952 (E.D. Mich. 1997). Such is the case here. The Court properly denied his motion to consolidate because this case has been dismissed and cannot be consolidated with his 2016 civil rights case and denied his stay request as part of the extension of time issue for the reasons stated in the Court's prior order (and as discussed above). Plaintiff fails to meet his burden of showing a palpable defect by which the Court has been misled or his burden of showing that a different disposition must result from a correction thereof as required by Local Rule 7.1(h)(3). Accordingly, the Court **DENIES** Plaintiff's motion for reconsideration.

**IT IS SO ORDERED.**

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: 1-23-2020

3